IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| HILLMAR PATTERSON, Jr., <br><br> Plaintiff, <br><br> VS. <br><br> MELISSA GREGORY, Officer, <br><br> Defendant. | NO. 1:09-CV-137 (WLS) <br><br><br> **PROCEEDINGS UNDER 42 U.S.C. §1983** <br> **BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Presently pending in this *pro se* prisoner action is a motion to dismiss filed by defendant. (Doc. 7). Plaintiff filed this complaint against Officer Gregory on September 10, 2009, alleging violations of the First Amendment based on defendant's alleged interference with his legal mail and denial of access to courts, as well as allegations of retaliation. (Doc. 2). Plaintiff alleges that defendant Gregory, who is in charge of the mail room at Lee State Prison where plaintiff at all relevant times was incarcerated, intentionally withheld and obstructed plaintiff's incoming and outgoing legal mail.

In his verified complaint, plaintiff states that he received legal mail on July 14, 2009 from the Middle District of Georgia that was two weeks late. Plaintiff states this has happened on several occasions between March 4, 2009, and August 11, 2009. Plaintiff states that he filed an informal grievance on August 13, 2009, to address the issue of receiving his legal mail late and opened outside of his presence. He was interviewed regarding it on August 20, 2009. Plaintiff states he then requested a formal grievance and was given one. Plaintiff states that his "allegation have been denied no resolution reached, I'm now being retaliated against." Plaintiff states his efforts were to no avail "or officials used manipulation to avoid reaching a resolution." Plaintiff

alleges that on August 24, 2009, defendant issued a false disciplinary report regarding plaintiff's attempt to mail two pieces of legal mail by co-mingling stamps and indigent mail.

Defendant contends that this suit is subject to dismissal under Fed.R.Civ.P. 12(b) for failure to exhaust administrative remedies. [1] A complaint is subject to dismissal under Fed.R.Civ.P. 12(b) if an inmate has failed to exhaust his administrative remedies, see *Bryant v. Rich*, 530 F.3d 1368, 1374-76 (11th Cir. 2008).

The PLRA requires inmates to exhaust their administrative remedies prior to filing a lawsuit. Pursuant to Congress' constitutional authority, the PLRA mandates that:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statutes of the United States, 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204, 127 S. Ct. 910, 914, 166 L.Ed.2d 798 (2007). Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S. Ct. 2378, 2386, 165 L.Ed.2d 368 (2006). Because proper exhaustion is required under the PLRA, unexhausted claims cannot be brought in federal court. *Id*. at 84-85, 126 S. Ct. at 2382-83.

In *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court

---

[1]Although defendant raises other grounds for dismissal, the undersigned is addressing herein only the grounds of failure to exhaust administrative remedies. In the event that the district judge to whom this case is assigned declines to accept this recommendation, the undersigned will address the other grounds on the merits.

is to take the plaintiff's version of the facts regarding exhaustion as true. *Id*. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, then the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. *Id.* Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues … ." *Id*. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id*. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See *Bryant*, 530 F.3d at 1376-77.

According to the affidavits and other documents attached to defendant's motion to dismiss, the Georgia Department of Corrections ("GDC") maintains a grievance procedure that is subject to explicit guidelines and available to all inmates. (Doc. 7 Exhibit A, Affidavit of Gwen Meriweather, ¶ 6). Upon entering the GDC, inmates are advised of the grievance process and provided an inmate handbook, which includes instructions about filing grievances. (Id., ¶ 7). In addition, the grievance policy is available for review in the reference library. (Id.) Exhaustion of the GDC grievance procedure requires a three-step filing process: filing of an informal grievance, a formal grievance, and an appeal. (Id., ¶ 11).

An inmate first files an informal grievance, which must be filed within 10 days from the date of the facts giving rise to the grievance. (Id., ¶ 12). Once an inmate properly files an informal grievance, he is provided with a written response within 10 days. (Id., ¶ 12). Upon receipt of that response, if the inmate feels that his informal grievance is not resolved, he may pursue his complaint further through the formal grievance procedure. (Id.) Inmates may request formal grievance forms from their counselor. (Id., ¶ 13). The inmate must complete and return the formal grievance form to his counselor within five calendar days of the inmate's receipt of the written

3

resolution of his informal grievance. (Id.) An inmate may raise only one issue per formal grievance. If an inmate attempts to raise more than one issue at a time or attempts to raise an issue that was not identified in his informal grievance, the inmate's formal grievance will be rejected. (Id.) A properly filed formal grievance is responded to at the institutional level. (Id., ¶ 14). Upon receipt of the Warden's response, the inmate is advised of his right to appeal and may request a grievance appeal form. (Id., ¶ 15). The inmate may then appeal the Warden's decision to the Office of the Commissioner, which completes the grievance procedure. (Id.)

According to the affidavits submitted by defendant, plaintiff filed two grievances while at Lee State Prison relevant to the allegations in his complaint.[2] Plaintiff filed an informal grievance dated August 13, 2009, complaining that, on August 11, 2009, his legal mail was held for longer than 24 hours and opened outside of his presence. (Id., ¶ 18). Upon receipt of the counselor's response, plaintiff requested and was provided with a formal grievance form. (Id.) Plaintiff then attempted to file a formal grievance dated August 21, 2009; however, his formal grievance was rejected because he attempted to raise more than one issue in violation of the grievance policy. (Id.) More specifically, plaintiff's formal grievance attempted to raise a new allegation of retaliation that had not been identified in his informal grievance. (Id.) Therefore, plaintiff's formal grievance was rejected. (Id.)

In his unverified responses (Docs. 10 and 16) to the motion to dismiss, plaintiff states that he did file an informal and formal grievance regarding defendant's alleged interference with his legal mail. Plaintiff states that this caused other officials to conspire with defendant Gregory to retaliate against him, to ignore and deny his grievances, and to refuse to give him any additional

---

[2]Both plaintiff and defendant discuss other grievances filed by plaintiff, but as they involved complaints of laundry service and medical care, the undersigned finds them irrelevant for purposes of this motion to dismiss.

4

forms. Further, plaintiff states he was given a false disciplinary report as a result of the grievance he filed.

Plaintiff states that the affidavit given by Gwen Meriweather in support of defendant's motion to dismiss is false in several respects. Plaintiff makes additional allegations that the grievance system at Lee State Prison is defective and corrupt, as the records are not well-kept. Plaintiff argues that the administrative remedies were not available to him, and therefore he was not required to exhaust.

Defendant responds with another affidavit from Gwendolyn Meriweather (Doc. 14 Exhibit A), to clarify. With regard to Formal Grievance No. 056186, regarding alleged interference with his legal mail, although plaintiff avers that he was improperly denied the ability to appeal following the rejection of his grievance, he was not entitled to an appeal form under the grievance procedure. (Id., ¶ 9). Specifically, plaintiff was not entitled to an appeal form because his formal grievance was properly rejected for raising more than one issue and a properly filed and completed formal grievance is required in order to file an appeal. (Id.) With regard to Formal Grievance No. 056186, when plaintiff's formal grievance was rejected for raising more than one issue in contravention of the grievance procedure, he could have corrected his error and resubmitted a formal grievance but failed to do so. (Doc. 14 Exhibit A, ¶¶ 10-12). Specifically, when an inmate's formal grievance is rejected for failing to comply with the filing requirements and the time period for filing a formal grievance has not expired, the inmate may correct and resubmit a formal grievance. (Id., ¶ 10).

Here, the informal grievance preceding Formal Grievance No. 056186 was decided and plaintiff was issued a formal grievance form on Thursday, August 20, 2009. (Id., ¶ 12). As a

5

result, he had five business days, or until Monday, August 31, 2009[3], to file a formal grievance. (Id.) Plaintiff filed Formal Grievance No. 056186 on Monday, August 24, 2009, and it was rejected the following day on Tuesday, August 25, 2009. (Id.) At that time, the five-day time period for filing a formal grievance had not yet expired. (Id.) As a result, plaintiff could have timely resubmitted a formal grievance up until August 31, 2009; however, his grievance records reveal that he failed to do so. (Id.)

The undersigned finds plaintiff's unverified argument in his responses to the motion to dismiss, wherein he states that he tried to appeal the rejection of his formal grievance but because of the alleged conspiracy at the prison, he was never allowed to do so, unpersuasive. The undersigned finds that plaintiff could have corrected the error in his formal grievance and re-filed it within the time period required by the grievance procedure. Although plaintiff states he tried to appeal the denial, he does not specifically address whether or not he tried to file a corrected copy of his original formal grievance.

Consequently, the undersigned finds that plaintiff did not exhaust his administrative remedies with regard to the allegations in this complaint, and therefore, his claim should be dismissed. It is the RECOMMENDATION of the undersigned that defendant's motion to dismiss the complaint be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 9th day of July, 2010.

S//Thomas Q. Langstaff<br>THOMAS Q. LANGSTAFF<br>UNITED STATES MAGISTRATE JUDGE

msd

---

[3] "Business" days at LSP consist of Monday through Thursday. (Doc. 14, Exhibit A ¶11).