```
IN THE UNITED STATES DISTRICT COURT
   FOR THE MIDDLE DISTRICT OF GEORGIA
              ALBANY DIVISION
```

HILLMAN PATTERSON, JR.,      :
                             :
    Plaintiff,         :
                             :
v.                           :      CASE NO.: 1:09-CV-137 (WLS)
                             :
MELISSA GREGORY, OFFICER     :
                             :
    Defendant.         :
_____ :

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed July 9, 2010. (Doc. 20). It is recommended that Plaintiff's *pro se* civil rights complaint under 42 U.S.C. § 1983 be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. (Id. at 2). The Recommendation states that Plaintiff's Complaint (Doc. 2) contends that Prison officials wrongfully intercepted and tampered with Plaintiff's mail, wrongfully denied Plaintiff access to Courts, and retaliated against Plaintiff following his initiation of the instant action. The Recommendation does not address Defendant's other grounds for dismissal, but finds that, after an examination of the record, Plaintiff did not follow proper administrative procedure prior to filing this lawsuit in federal court.

Plaintiff timely filed an Objection to the R&R (Doc. 21) and Defendant filed a Response (Doc. 22). For the following reasons, the objections set forth in Plaintiff's Objection (Doc. 21) are **OVERRULED**. The Court **ADOPTS** United States Magistrate Judge Langstaff's July 9, 2010 Report and Recommendation recommending that the Court grant Defendant's Motion to Dismiss (Doc. 7). The R&R (Doc. 20) is **ACCEPTED, ADOPTED** and made the Order of this

Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.

## BACKGROUND

Plaintiff filed this action on September 10, 2009. (Doc. 2). Defendant filed a Motion to Dismiss on November 20, 2009. (Doc. 7). Defendant filed a Motion to Stay Proceedings Pending Resolution of her Pre-Answer Motion to Dismiss on November 20, 2009. (Doc. 8). Judge Langstaff granted Defendant's Motion to Stay (Doc. 8) on December 1, 2009. (Doc. 9). On January 6, 2010, Plaintiff filed a Response to Defendant's Motion to Dismiss. (Doc. 10). On January 8, 2010, Plaintiff also filed a Motion to Stay Proceedings Pending Resolution of Defendant's Pre-Answer Motion to Dismiss. (Doc. 11). On January 28, 2010, Defendant filed a Reply in Support of her Pre-Answer Motion to Dismiss. (Doc. 14). On February 17, 2010, Plaintiff filed a Response to Defendant's Reply. (Doc. 16). On March 5, 2010, Plaintiff moved to Amend his Complaint. (Doc. 17). On March 15, 2010, Defendant filed a Response to Plaintiff's Motion to Amend his Complaint. (Doc. 18).

On May 20, 2010, Judge Langstaff denied Plaintiff's Motion to Stay as moot, and also denied without prejudice Plaintiff's Motion to Amend his Complaint. (Doc. 19). On July 9, 2010, Judge Langstaff issued his Report and Recommendation ("R&R") recommending that the Court grant Defendant's Motion to Dismiss (Doc. 7). (Doc. 20). On July 28, 2010, Plaintiff filed an objection to the R&R. (Doc. 21). Defendant filed a response to Plaintiff's Objection on August 6, 2010. (Doc. 22). On August 11, 2010, Plaintiff moved to amend exhibits in his Objection to the R&R (Doc. 21). (Doc. 23). On August 13, 2010, Plaintiff filed a Reply to Defendant's Response to his Objection to the R&R. (Doc. 24). On August 23, 2010, Plaintiff filed a Motion to Strike an Affidavit contained in Defendant's Motion to Dismiss (Doc. 7) and

Motion for Sanctions against Defendant. (Doc. 25).  On August 23, 2010, Plaintiff filed a Motion to Dismiss Defendant's Motion to Dismiss.  (Doc. 26).  On August 25, 2010, Defendant filed a Response to Plaintiff's Motions to Strike, Dismiss, and for Sanctions (Docs. 25, 26, 27).  (Doc. 28).  On August 26, 2010, Plaintiff filed a Motion for Protective Order.  (Doc. 29).  On September 3, 2010, Defendant filed a Response to Plaintiff's Motion for Protective Order.  (Doc. 30).

## **DISCUSSION**

Plaintiff is currently serving a thirty (30) year sentence in Lee State Prison in Leesburg, Georgia.  (Doc. 2).  Plaintiff alleges Defendant Officer Melissa Gregory, a mail room clerk at Lee State Prison, has violated his civil rights under 42 U.S.C. § 1983 principally by interfering with and withholding his mail.[1]  Plaintiff filed an informal grievance with Prison officials on August 13, 2009.  Id. at 6.  He was interviewed regarding his grievance on August 20, 2009.  Id. at 7. To this end, Plaintiff states that no resolution could be reached.  Id.  In fact, Plaintiff alleges that on the day of the interview Prison officials began harassing him in retaliation for his initiation of the grievance procedure and to deter him from pursuing the matter any further.  Id. at 8.  Plaintiff alleges that Prison officials retaliated against him with a false disciplinary report, threats, and manipulation of the indigent postage system.  (Doc. 2 )

In response, Defendant argues various grounds for the dismissal of Plaintiff's action. Notably, Defendant argues that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA").   Upon review of the record, the Court agrees with Judge Langstaff and Defendant and finds that Plaintiff failed to exhaust his administrative remedies.  As a result, the Court's analysis is limited to the issue of exhaustion.

---

[1] In the record Plaintiff makes fleeting references to various Constitutional provisions, including the 8th Amendment and the 14th Amendment.  However, Plaintiff filed a Complaint under 42 U.S.C. § 1983 and the Court conducted its analysis pursuant to this provision.

3

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires "proper exhaustion of administrative remedies," and a prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387-93 (2006).

Under the PLRA, "exhaustion is mandatory" and "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Courts "have no discretion to waive this exhaustion requirement," and thus "[p]risoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim." Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir. 2008) (citing Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998) and quoting Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005)). Additionally, "prisoners must 'properly take each step within the administrative process,'" from filing an initial grievance to appealing the denial thereof. Id. (quoting Johnson, 418 F.3d at 1158).

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). "[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." Id. A court must first "look[] to the factual allegations in the Defendant's motion to dismiss and those in the Plaintiff's response, and if they conflict, take[] the plaintiff's version of the facts as true." Id. "If the complaint is not subject to dismissal at the first step, where the Plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in

4

order to resolve the disputed factual issues related to exhaustion." Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

In his R&R, Judge Langstaff properly applied step one of the two-step process described in Turner. Judge Langstaff found, as set forth in Plaintiff's pleadings, that Plaintiff failed to appeal the Prison's denial of his Formal Grievance. (Doc. 7, 10). Plaintiff states that he was denied an appeal form. (Doc. 10). Defendant disputes Plaintiff's statement and provided the affidavit of Gwendolyn H. Merriweather in support of its contention of the facts. See Doc. 14-2. Defendant states that Plaintiff was not provided an appeal form because his Formal Grievance was not technically denied. Id. Plaintiff failed to properly complete the Formal Grievance form, therefore the procedure that must precede an Appeal was not followed.

Plaintiff alleges that he suffered harm and great hardship resulting from his pursuit of the grievance; however, he does not deny that the Prison formally denied his grievance and that he did not appeal. Defendant states that Plaintiff's grievance was denied because he "raised more than one issue in his grievance…in violation of the grievance policy. See Doc. 14-2, Doc. 20. The Court's review of the Formal Grievance form appears to support Defendant's statement. Id. Concerning this, the Court does not dismiss Plaintiff's action hastily— even though it is required because he failed to exhaust his administrative remedies prior to filing suit.

The Court is aware that, in its most basic form, "[a] remedy has to be available before it must be exhausted." Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008) (holding that and that "[r]emedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available"). Regarding this point, Plaintiff does not allege that he was prevented from following proper procedure to complete the grievance process. As Judge

5

Langstaff found, "when Plaintiff's Formal Grievance was rejected for raising more than one issue in contravention of the grievance procedure, he could have corrected his error and resubmitted a formal grievance but failed to do so." (Doc. 20, citing Doc. 14 Ex. A).

In determining whether a prisoner exhausted his administrative remedies, a district court need not evaluate the effectiveness of the remedy, but whether a remedy was available. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). In this case the remedy was available to Plaintiff. Exhaustion requires that "when a state provides a grievance procedure for its prisoners ... an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000). The Georgia Department of Corrections has an established inmate grievance procedure, which Plaintiff failed to follow. Following the denial of a Formal Grievance, the procedure requires that an inmate file a formal appeal prior to initiating suit in federal district court, and here there is no evidence that Plaintiff completed a Formal Grievance or undertook an appeal. Therefore, Plaintiff did not exhaust his administrative remedies before filing his 42 U.S.C. § 1983 suit, as required by 42 U.S.C. § 1997e(a).

It is not necessary to consider Step Two of the required analysis for exhaustion of administrative remedies. No further specific factual findings are needed to determine whether or not Plaintiff exhausted his administrative remedies and Defendant's Motion to Dismiss can be resolved.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIDAVIT (DOC. 27)**

Plaintiff has filed several Motions requesting various relief in the instant action. See generally Docket. The Court finds that, of the five Motions, only one, the Motion to Strike Defendant's Affidavit (Doc. 27), need be addressed in the context of this Order granting

Defendant's Motion to Dismiss (Doc. 7).[2] The Court finds that Plaintiff's assertion, that Defendant's affidavit in Support of its Motion to Dismiss is untrue, does not weigh on the material issue before the Court.[3] The challenged affidavit of Gwendolyn H. Merriweather discusses her role as an administrator familiar with Plaintiff's grievance history. (Doc. 14-2 at pg. 3).

Even if granted, the striking of Defendant's affidavit would not change whether or not the Plaintiff filed the grievances as required under the law. The record reflects that Plaintiff failed to properly complete the Formal Grievance form, therefore the procedure that must precede an Appeal was not followed. Defendant states that Plaintiff was not provided an appeal form because his Formal Grievance was not technically denied. See Doc. 14. To this point, Plaintiff does not deny that the Prison formally denied his grievance and that he did not appeal. Therefore, the basis for this Court's grant of Defendant's Motion to Dismiss, as discussed above is not

---

[2] As discussed below, of the four remaining Motions, none, if granted would affect the Order of the Court granting Defendant's Motion to Dismiss (Doc. 7). (1) Plaintiff's Motion to Amend Exhibits to Objection (Doc. 23), if granted would not dispute a finding that the Defendant failed to exhaust his administrative remedies, which is not cured by the addition of the exhibits. (2) Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss (Doc. 26) seeks to dismiss the Motion the Court is granting in this Order. This Motion is moot because the Court has made findings in the instant Order that undercut any merit in this Motion by Plaintiff. Plaintiff also filed an objection to the R&R that the Court overruled in favor of the adoption of Judge Langstaff's denial of the Motion in his September 15, 2010 Order (Doc. 33). (3) Plaintiff's Motion for Sanctions (Doc. 25) is duplicative of Plaintiff's other arguments regarding why Defendant's affidavit should be struck, but here Plaintiff also includes a Motion for Sanctions based on his efforts to strike Defendant's Affidavit (Doc. 27). (4) Plaintiff's Motion for Protective Order (Doc. 29) is seeking a "Protective Order to Stop Reprisal and Have the First Amendment Rights Restored." Plaintiff feels that he is being treated unfairly with respect to his library time as a result of his initiation of the instant action. Because the Court is granting Defendant's Motion to Dismiss this action, Plaintiff's Motion is moot. Further, Plaintiff failed to show that he has been prevented from responding as shown by his Responses and active Motion practice in this action.

[3] Defendant also argued, in Response to Plaintiff's Motion to Strike (Doc. 27), that Plaintiff's Motion to Strike should be considered as an objection to the evidence submitted and not a Motion to Strike under Rule 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant argued that under Fed.R.Civ.P. 12(f), the affidavits filed as evidence in support of Defendant's Motion to Dismiss are not a "pleading" and thus, a motion to strike under Rule 12(f) is not the proper vehicle for challenging their admissibility. See Doc. 28 at pg. 3 (citing Jordan v. Cobb County, 227 F.Supp.2d 1332, 1346-47 (N.D. Ga. 2001)(explaining that a motion to strike an affidavit in support of a motion for summary judgment was improper, but considering the contents of the motion as objections to the admissibility of the evidence).

affected. The Plaintiff failed to exhaust his administrative remedies and this action must be dismissed.

## **CONCLUSION**

The Court finds that Plaintiff's Objection (Doc. 21) fails to rebut the legally sound recommendation of Judge Langstaff. For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 21) are **OVERRULED** and United States Magistrate Judge Langstaff's July 9, 2010 Report and Recommendation (Doc. 20) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Plaintiff's *pro se* civil rights complaint under 42 U.S.C. § 1983 is **DISMISSED** based on Plaintiff's failure to exhaust his administrative remedies before filing his 42 U.S.C. § 1983 suit, as required by 42 U.S.C. § 1997e(a). Defendant's Motion to Dismiss (Doc. 7) is **GRANTED.** Accordingly, Plaintiff's Motion to Amend Exhibits to Objection (Doc. 23), Plaintiff's Motion to Strike Defendant's Affidavit (Doc. 27), Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss (Doc. 26), Motion for Sanctions (Doc. 25), and Plaintiff's Motion for Protective Order (Doc. 29) are **DENIED-AS-MOOT.**

**SO ORDERED**, this   24th   day of September, 2010.

 /s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**